UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLIVE ANDRE WEBLEY,

                Plaintiff,

-against-

THE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION,

                Defendant.

20-CV-9276 (CM)

TRANSFER ORDER

---

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Clive Andre Webley, currently incarcerated in Auburn Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that his rights were violated while he was incarcerated in the following New York State Department of Corrections facilities: Clinton Correctional Facility, Comstock Correctional Facility, Upstate Correctional Facility, Attica Correctional Facility, and Marcy Correctional Facility.[1] For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

---

[1] Plaintiff's complaint is unsigned and although Plaintiff submitted his complaint with a request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP), Plaintiff did not submit a prisoner authorization. *See* Fed. R. Civ. P. Rule 11(a); *see also* 28 U.S.C. §§ 1914, 1915.

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that during his 27 years of incarceration, he has been "physically & sexually & psychologically brutalized by staff within the Department of Corrections." (ECF No. 2 at 4.) Because Plaintiff does not allege that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in the following Northern District counties: Clinton, Washington, Franklin, Oneida, and Cayuga, *see* 28 U.S.C. § 112(a); his claims also arose in Wyoming County, which is located in the Western District of New York, *see* 28 U.S.C. § 112(d). Accordingly, venue is proper in the Northern District of New York, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Northern District of New York, 28 U.S.C. § 1406(a).[2]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Clerk of Court is further directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

---

[2] Because it appears that a good portion of Plaintiff's claims arose in counties within the Northern District, the Court concludes that the action should be transferred to that district.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 5, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge